# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ORIG,<br><br>               Plaintiff,<br><br>   v.<br><br><br><br><br>SUN LIFE ASSURANCE COMPANY OF CANADA.,<br><br>               Defendant. | 1:08-cv-1603 AWI GSA<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Discovery Deadlines:<br>    Non-Expert Discovery: Aug. 28, 2009<br>    Expert Disclosure: August 28, 2009<br>    Supp. Expert Disclosure:<br>        Sept. 11, 2009<br>    Expert Discovery: Sept. 25, 2009<br><br>Motion Deadlines:<br>    Non-Dispositive:<br>        Filing: November 9, 2009<br><br>    Dispositive:<br>        Filing: December 18, 2009<br><br>Pre-Trial Conference:<br>    February 4, 2010 at 8:30 a.m.<br>    Courtroom 2 (AWI), 8th Floor<br><br>Trial:  April 8, 2010 at 8:30 a.m.<br>       Courtroom 2 (AWI), 8th Floor<br>       Jury Trial - 8 days |

**I.**    **Date of Scheduling Conference**

January 6, 2009

**II.**   **Appearances of Counsel**

Lisa Martinez appeared on behalf of Plaintiff Gloria Orig. Dan McGuire appeared on

behalf of Defendant Sun Life Assurance Company of Canada.

### III. Case Synopsis

Plaintiff Gloria Orig was employed at the Tulare District Hospital as a phlebotomist/lab technician.  As such, she was insured by a group policy of long-term disability insurance issued to her employer by Sun Life.  She submitted a disability claim alleging an inability to work beginning on January 25, 2006, by reason of a number of conditions including dizziness, and chest, back and neck pain.  Following its claims investigation, Sun Life determined that Plaintiff did not satisfy the definition of total disability under the terms of the policy, and her claim was denied.

Plaintiff claims that Sun Life acted unreasonably in the processing and handling of her claim, and that she is and was totally disabled within the terms of the plan.  Defendant contends that the claims handling was reasonable, and the decision to deny Plaintiff's claim for benefits was correct.

### IV. Legal Issues

The primary legal issue is whether Plaintiff qualifies for benefits under the terms of the disability policy.  Plaintiff also alleges that Sun Life breached the covenant of good faith and fair dealing by acting unreasonably in the processing of her claim.  Defendant takes the position that there can be no liability for "bad faith" or punitive damages because Plaintiff was not entitled to contract benefits, and even if she were entitled to benefits, a genuine issue of liability exists, and the bad faith and punitive claims must therefore be dismissed.  Plaintiff contends that this "genuine issue doctrine" is inapplicable to this case under the present facts.

### V. Relief Sought

Plaintiff claims past and present value of future disability benefits together with emotional distress damages, punitive damages, and attorneys' fees and costs.

2

Defendant contends that Plaintiff is entitled to no damage award in this case.

## VI. Anticipated Amendments

The parties do not anticipate any motions to add other parties or transfer venue.

## VII. Consent to the Magistrate Judge

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

## VIII. Discovery Plan and Cut-Off Date

The parties shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1). The parties have reported that the initial disclosures have been, or will be completed shortly after the scheduling conference. The parties are ordered to complete all discovery pertaining to non-experts on or before **August 28, 2009.** The parties also shall disclose all experts on or before **August 28, 2009.** All supplemental expert disclosures shall be made on or before **September 11, 2009.** The written designation of experts **shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **September 25, 2009**. The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

## IX. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **November 9, 2009.** In scheduling such motions, the parties shall comply with **Local**

3

**Rules 78-230 and 56-260**. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **December 18, 2009**, and heard in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

## X.     Pre-Trial Conference Date

The pre-trial conference will be held on **February 4, 2010**, at 8:30 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Ishii's chambers by emailing it to awiorders@caed.uscourts.gov.

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XI. **Trial Date**

The trial will be held on **April 8, 2010, at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

    A.    The parties have requested a jury trial.

    B.    Parties' Estimate of Trial Time: 8 days.

    C.    Parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285, for preparation of trial briefs.

XII. **Settlement Conference**

The parties have indicated that they will likely participate in mediation and will contact the court if a settlement conference is requested. In the event that a settlement conference is requested in the future, unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers by email to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. The parties are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    The Confidential Settlement Conference Statement shall include the following:

    A. A brief statement of the facts of the case.

    B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C. A summary of the proceedings to date.

    D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    E. The relief sought.

    F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

    Should the parties desire an additional settlement conference, they will jointly request one of the court, and one will be arranged. In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XIII.   Request for Bifurcation**

    No bifurcation has been requested.

**XIV.   Related Matters Pending**

    There is no related litigation.

///

XV. **Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

XIV. **Effect of this Order**

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.


IT IS SO ORDERED.


Dated:   **January 9, 2009**             /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE